UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
OLGA B. ARIZAGA,

                    Plaintiff,                         REPORT AND
                                                    RECOMMENDATION

     -against-

                                            18 CV 621 (CBA)(RML)

REINA DE LAW NUBE AZOGUEZ, INC.,
*et al.*,

                    Defendants.
------------------------------------------------------X

LEVY, United States Magistrate Judge:

           Plaintiff Olga B. Arizaga ("plaintiff") filed this wage-and-hour action on January

31, 2018, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*

*seq.* and the New York Labor Law.  (See Complaint, dated Jan. 29, 2018 ("Compl."), Dkt. No.

1.)  On November 15, 2018, after a long period of inactivity, I issued a Report and

Recommendation recommending that the case be dismissed for failure to prosecute.  (See Report

and Recommendation, dated Nov. 15, 2019, Dkt. No. 20.)  Plaintiff's counsel, Patricia Lynch,

filed an objection, explaining that she had experienced a months-long breakdown in

communication with plaintiff, but that they had recently spoken and plaintiff had authorized her

to proceed with the case.  (See Objection to Report and Recommendation, dated Nov. 30, 2018,

Dkt. No. 21.)  Construing the application as a motion for reconsideration, I withdrew my Report

and Recommendation and ordered plaintiff to move for default judgment within thirty days of

the issuance of a certificate of default.  (See Order, dated Dec. 18, 2018.)

After receiving an extension of time, plaintiff moved for default judgment on May 2, 2019.[1] (See Motion for Default Judgment, dated May 2, 2019, Dkt. No. 25.) Judge Amon referred plaintiff's motion to me and I scheduled an inquest hearing for May 24, 2019. (See Order Referring Motion, dated May 7, 2019; Scheduling Order, dated May 8, 2019, Dkt. No. 26.) After receiving three adjournments, plaintiff failed to appear on the re-scheduled date of February 19, 2020. (See Minute Entry, dated Feb. 19, 2020.) Zachary Kaplan, the attorney appearing on her behalf, explained that plaintiff had been out of the country since September 2019 and that his firm had been unable to reach her since that time. I stayed the motion for thirty days to give counsel a final chance to reach plaintiff, but warned that, if counsel were unable to do so in that time, I might recommend dismissal for failure to prosecute. (See id.) On March 19, 2020, Ms. Lynch reported that her firm had attempted to contact plaintiff through multiple means of communication, but was ultimately unable to get in touch with her. (See Letter of Patricia Lynch, Esq., dated Mar. 19, 2020 ("Lynch Ltr."), Dkt. No. 32.) Accordingly, I am constrained to recommend, once more, that this case be dismissed for failure to prosecute.[2]

---

[1] The Clerk of the Court issued a Certificate of Default as to all defendants on February 11, 2019. (See Clerk's Entry of Default, dated Feb. 11, 2019, Dkt. No. 23.) On March 12, 2019, plaintiff requested a thirty-day extension of time to file her motion for default judgment, which I granted. (See Motion for Extension of Time to File, dated Mar. 12, 2019, Dkt. No. 24; Order Granting Motion, dated Mar. 14, 2019.) When plaintiff failed to file her motion by the deadline or request another extension, I issued an order directing her to file it by May 3, 2019 or show cause why the case should not be dismissed for failure to prosecute. (See Order, dated Apr. 19, 2019.)

[2] In her letter, Ms. Lynch requests that the court calculate plaintiff's damages based on the papers. (See Lynch Ltr.) I am unable to do so, as the papers present no grounds for a finding of liability as to any defendant. The corporate defendant, Reina de la Nube Azoguez, Inc., was not properly served with process. The affidavit of service as to that defendant indicates that the summons and complaint were left with a "manager authorized to accept [service]," who withheld her last name. (See Affidavit of Service of Michelle Lvovich, sworn to Feb. 14, 2018, Dkt. No. 25-4.) The affidavit does not indicate how the process server knew that the person who accepted service was authorized to do so. Multiple courts in this district have held that service upon a

(Continued . . . )

Any objection to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Amon and to my chambers within fourteen (14) days. Failure to file objections in a timely manner may waive a right to appeal the District Court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72.

Respectfully submitted,

_____/s/_____

ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
April 13, 2020

---

corporation under these circumstances is insufficient.  See, e.g., Valle v. GDT Enters., 19 CV 797, 2020 WL 435295, at *3-4 (E.D.N.Y. Jan. 28, 2020); Shengjian Zhuang v. Hui's Garden Rest., Inc., No. 17 CV 7547, 2019 WL 1578193, at *1-2 (E.D.N.Y. Feb. 19, 2019); Trs. of Empire State Carpenter's Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. R. Baker & Sons All Indus. Servs., Inc., No. 13 CV 4590, 2014 WL 6606402, at *3-4 (E.D.N.Y. Aug. 4, 2014), report and recommendation adopted, 2014 WL 4536911 (E.D.N.Y. Sept. 11, 2014).  Furthermore, the complaint does not plausibility allege liability as to any of the three individual defendants, Maria Lema Sambrano, Jaime Lema, and Cesar Sambrano.  The largely identical allegations as to each of the individual defendants merely track the elements of the test used to determine liability in FLSA cases in the Second Circuit, without adding factual content.  (See Compl. ¶¶ 5-10.)  Plaintiff's sworn affidavit does not add any supporting details.  (See Affidavit of Olga B. Arizaga, sworn to Apr. 19, 2019, Dkt. No. 25-7.)  "[M]ere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details . . . are insufficient to raise [plaintiff's] right to relief 'above a speculative level' with respect to that individual's liability as an employer under the FLSA."  Tracy v. NVR, Inc., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Peng Bai v. Fu Xing Zhuo, No. 13 CV 5790, 2014 WL 2645119, at *4 (E.D.N.Y. June 13, 2014).  Accordingly, even if I were inclined to forego an inquest hearing, I would be unable to find liability for any defendant based on plaintiff's submissions.